IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CESAR RAMIREZ, # R15877, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>RANDY S. VALDEZ, )<br>MICHAEL E. SANDERS, )<br>ZACHARY ROECHEMAN, )<br>SLAVADOR ANTHONY GODINEZ, and )<br>NICK N. NALLEY, )<br>)<br>      Defendants. ) | Case No. 13-cv-00562-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Cesar Ramirez, serving a ten year sentence for Home Invasion and a consecutive six year term for predatory sexual assault, is currently incarcerated at Big Muddy Correctional Center ("Big Muddy"). Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 1915A, the Court must conduct a prompt threshold review of the complaint.

### 1. The Standard of Review

In relevant part, 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## 2. <u>Synopsis of the Complaint</u>

The named defendants are Randy S. Valdez and Michael E. Sanders, who are members of the prison Adjustment Committee; Warden Zachary Roecheman; Director of the Illinois Department of Corrections Salvador Anthony Godinez; and Correctional Officer ("C/O") Nalley. Plaintiff's contentions stem from C/O Nalley's search of Plaintiff's cell on May 25, 2013. First, Plaintiff contends Nalley and other unidentified officers (who are not identified as

defendants) beat and injured Plaintiff when they arrived to conduct the search, and then C/O Nalley failed get Plaintiff medical care.  Second, Plaintiff alleges that Nalley and others interrogated him and threatened him in order to secure a false confession, upon which false disciplinary charges were based.  Third, the Adjustment Committee, comprised of Defendants Valdez and Sanders, along with Warden Roecheman, denied Plaintiff due process, falsely convicting him and punishing him with demotion to C Grade for six months, six months in segregation, the revocation of six months of good conduct credits, a transfer, and loss of commissary and gym/yard privileges.  The fourth and final claim is against C/O Nalley for stealing from Plaintiff's property boxes, taking a fan, radio and other items.

The Court need not delineate or discuss Plaintiff's claims further, as the complaint and attached exhibits make clear that Plaintiff has failed to exhaust administrative remedies before filing suit.

### 3.  Exhuastion of Administrative Remedies

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement.  "No action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a).  *See also Booth v. Churner*, 531 U.S. 956 (2001); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000).  The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated.  *See Porter v. Nussle*, 534 U.S. 516, 524–25 (2002).  "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see Smith v. Zachary*, 255 F.3d 446, 450

(7th Cir. 2001). An attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez Wis. Dep't of Corrs.*, 182 F.3d 532, 536–37 (7th Cir.1999).

Although exhaustion "is an affirmative defense with the burden of proof on the defendants" (*Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011)), the district court may, if obvious from the complaint, dismiss a prisoner complaint *sua sponte* for failure to exhaust. *See also Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).

Plaintiff asserts in an affidavit attached to the complaint that he has "exhausted all administrative remedies available to them since 2012 trough 2013 and Defs have been being destroyed Plaintiffs grievances …." [sic] (Doc. 1, p. 6). That assertion is broad, reaching back into 2012, when the incidents at issue occurred over the days between May 25 and June 6, 2013. The documentation attached to the complaint makes clear that the disciplinary conviction Plaintiff is taking issue with was not rendered until June 3, 2013; approved by Warden Roecheman on June 6, 2013, and served upon Plaintiff on June 10, 2013. Plaintiff's Section 1983 complaint was signed June 11, 2013, and filed on June 13, 2013—leaving no time to exhaust administrative remedies. An inmate's belief that exhaustion would be futile is not an exception to his duty to exhaust under Section 1997e(a). *See Fletcher v. Menard Corr. Ctr.,* 623 F.3d 1171, 1173 (7th Cir. 2010). Thus, the availability of administrative remedies in the past does not excuse the exhaustion requirement relative to the claims Plaintiff is now pursuing. Therefore, the complaint shall be dismissed without prejudice, so that Plaintiff can exhaust administrative remedies.

### 4. **Pending Motions**

**Counsel**

Plaintiff has moved for the appointment of counsel (Docs. 2, 8). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). Because this case is being dismissed so that Plaintiff can exhaust administrative remedies, Plaintiff's motions for counsel (Docs. 2, 8) shall be denied as moot.

**Discovery**

Plaintiff's motion for production regarding the identities of unknown correctional officers involved in the alleged constitutional violations (Doc. 6) shall be denied as moot.

**Injunctive Relief**

By motion filed July 3, 2012, Plaintiff seeks an injunction to stop Defendants Nalley, Valdez and Sanders from harassing him by, for example, destroying his radio, which is evidence in this action; destroying Plaintiff's grievances; and issuing Plaintiff "bogus" disciplinary tickets (Doc. 7). Because there is no viable action at this juncture, the Court lacks jurisdiction over the Defendants and Plaintiff's motion (Doc. 7) shall be denied.

**Corruption and Kidnapping Investigation**

By motion filed July 3, 2013 (Doc. 9), Plaintiff asserts that C/O McBride and Lt. Shulter, who are not named as defendants in this action, conducted an illegal search of Plaintiff's cell on July 1, 2013, resulting in Plaintiff being "taken hostage" and being taken to another cell during the cell search. Plaintiff asserts that this recent search and "kidnapping" is in retaliation

for filing this action. These allegations are fodder for another lawsuit. Because the complaint is being dismissed, the Court has lost jurisdiction. Consequently, Plaintiff's motion for an investigation (Doc. 9) shall be denied.

### 5. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff Ramierez's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust administrative remedies as required under 28 U.S.C. § 1997e(a); consequently, this action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's motions for counsel (Docs. 2, 8), motion for production (Doc. 6), motion for injunctive relief (Doc. 7), and motion for a corruption and kidnapping investigation (Doc. 9) are all **DENIED**.

Plaintiff is again **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of the dismissal of this action on preliminary review. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED: July 10, 2013

                                          s/ *Michael J. Reagan*
                                          **MICHAEL J. REAGAN**
                                          **UNITED STATES DISTRICT JUDGE**